IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>MADDEN LAI,<br>Defendant. | CRIMINAL NO. 25-cr-095 (MAJ) |



### PLEA AND FORFEITURE AGREEMENT

**TO THE HONORABLE COURT:**

The United States of America, Defendant, Madden Lai, and Defendant's counsel, John Connors, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **Charges to which Defendant will Plead Guilty**

   Defendant agrees to plead guilty to Count One of the Information:

   <u>Count One</u>:   On or about February 2, 2025, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant, MADDEN LAI, knowingly delivered to Frontier Airlines, a common carrier, for transportation or shipment in interstate commerce, a package or container in which there was a firearm, specifically a SAR Firearms, Model SARB6P, 9mm caliber, bearing serial number T1102-12E00198, and 11 rounds of 9mm caliber ammunition, without written notice to the carrier. All in violation of 18 U.S.C. §§ 922(e) and 924(a)(1)(D).

### 2. Maximum Penalties

<u>Count One</u>: The maximum statutory penalty for the offense charged in Count One of the Information, is a term of imprisonment of five years pursuant to 18 U.S.C. § 924(a)(1)(D); a fine not to exceed two hundred and fifty thousand dollars pursuant to 18 U.S.C. § 3571(b)(3); and a supervised release term of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2).

### 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

### 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

### 5. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD

U.S. v. Madden Lai
Plea Agreement

Form 500). The United States will advocate on behalf of any identified victim, and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

### 6. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

### 7. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

| SENTENCING GUIDELINES CALCULATIONS<br>COUNT ONE<br>18 U.S.C. § 922(e) ||||||
|---|---|---|---|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2K2.1(a)(8) ||||| 6 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 ||||| -2 |
| **TOTAL ADJUSTED OFFENSE LEVEL** ||||| 4 |
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| 0-6 | 0-6 | 0-6 | 2-8 | 4-10 | 6-12 |

## 8. Sentence Recommendation

As to Count One, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree that the parties will request a sentence of one year of probation.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

## 9. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

## 10. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court is within or below the Guidelines range for the total offense level of 4 calculated in this Plea Agreement when combined with Defendant's criminal history category as determined by the Court, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

U.S. v. Madden Lai
Plea Agreement

## 11. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

## 12. Satisfaction with Counsel

Defendant is satisfied with counsel, John Connors, Esq., and asserts that counsel has rendered effective legal assistance.

## 13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

  a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

  b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be

    instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

14. **Stipulation of Facts**

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

15. **Limitations of Plea Agreement**

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

16. **Entirety of Plea Agreement**

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

17. **Amendments to Plea Agreement**

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

18. **Dismissal of Remaining Counts**

At sentencing should there be any pending counts and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Information pending against Defendant in this case.

19. **Voluntariness of Plea Agreement**

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

20. **Breach and Waiver**

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea

U.S. v. Madden Lai
Plea Agreement

Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea.  In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea.  Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

21. **Potential Impact on Immigration Status**

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

22. **Felony Conviction**

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

U.S. v. Madden Lai
Plea Agreement

### 23. Firearms and Ammunition Forfeiture

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), Defendant agrees to forfeit Defendant's rights and interest any firearms and ammunition involved or used in the commission of the offense, including, but not limited to: a SAR Firearms, Model SARB6P, 9mm caliber, bearing serial number T1102-12E00198, 11 rounds of 9mm caliber ammunition, a .223 caliber rifle round, a 9mm pistol barrel, a firearm safety pin, and a firearm spring.

W. STEPHEN MULDROW
United States Attorney

_____
Jeanette M. Collazo-Ortiz
Assistant U.S. Attorney
Deputy Chief, Violent Crimes Division
Dated: 2/13/2025

_____
John Connors, Esq.
Counsel for Defendant
Dated: 2/25/25

_____
Julian N. Radzinschi
Assistant U.S. Attorney
Dated: 2/13/2025

_____
Madden Lai
Defendant
Dated: 02/25/25

U.S. v. Madden Lai
Plea Agreement

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My ~~counsel has trans~~lated th~~e Plea Agreement~~ to ~~me in the Spanish language~~ and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 02/25/25

_____
Madden Lai
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I ~~have translated the Plea Agreement and~~ explained it in the Spanish langua~~ge to the Defenda~~nt who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 2/25/25

_____
John Connors
Counsel for Defendant

U.S. v. Madden Lai
Plea Agreement

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant Madden Lai admits that Defendant is guilty as charged in the Information and admits the following:

On February 2, 2025, Transportation Security Administration (TSA) officers at Rafael Hernandez Airport in Aguadilla, Puerto Rico, conducted a routine security screening of passenger Madden Lai as he attempted to board a flight to Chicago Midway on Frontier Airlines, a common carrier. This flight travelled in interstate commerce.

During the screening, TSA officers identified a .223 caliber round of ammunition inside Lai's carry-on bag, prompting further inspection. Upon conducting a secondary search, TSA officers discovered additional firearm components in the suspect's possession, specifically a 9mm pistol barrel, a firearm safety pin, and a firearm spring in his carry-on. ~~Lai was also found to be wearing a bulletproof vest.~~

Further investigation revealed that additional firearm parts were stored in the suspect's checked baggage, which he had not declared to Frontier airline, a common carrier. Specifically, once the flight landed in Chicago, TSA agents found a SAR Firearms pistol, model SARB6P, 9mm caliber, bearing serial number T1102-12E00198, and 11 rounds of 9mm caliber ammunition in Madden Lai's checked baggage.

U.S. v. Madden Lai
Plea Agreement

On the same day, HSI Special Agents interviewed Lai. After waiving his Constitutional rights, Lai stated that he previously purchased a 9mm SAR pistol in Kansas and transported it to Puerto Rico in August 2024, by disassembling the firearm and distributing its parts between his carry-on and checked luggage. He further stated that on February 2, 2025, he was employing the same technique to transport the firearm back to the United States. He further stated that he never declared the firearm or ammunition to the airline.

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical evidence and documentary evidence, which would have proven beyond a reasonable doubt Defendant's guilt.

At trial, the United States would have proven beyond a reasonable doubt that defendant Madden Lai is guilty as charged in Count One of the Information.

Discovery was timely made available to Defendant for review.

_____
Julian N. Radzinschi
Assistant U.S. Attorney
Dated: 02/13/2025

_____
John Connors, Esq.
Counsel for Defendant
Dated: 2/25/25

_____
Madden Lai
Defendant
Dated: 02/25/25